# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Strike 3 Holdings, LLC, | Case. No. 23-cv-3268 (PJS/DJF) |
| Plaintiff, | |
| v. | |
| Doe Subscriber assigned IP address 68.112.153.102, | **ORDER** |
| Defendants. | |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed an Amended Complaint (ECF No. 20) and proposed Summons (ECF No. 21) under seal on June 3, 2024, along with public redacted copies of the documents (ECF No. 22). On June 4, 2024, Plaintiff filed a Motion to Maintain Documents Under Seal on Temporary Basis and Maintain Pseudonym Identifier in Case Caption on Temporary Basis ("Motion") (ECF No. 25). Strike 3 asks the Court to: (1) maintain its Amended Complaint and proposed Summons under seal on a temporary basis; (2) allow Strike 3 to file any Proof of Service or Waiver of Service under seal on a temporary basis; and (3) direct the Clerk of Court to maintain the caption for this matter with a John Doe pseudonym on a temporary basis. (*Id.*)

Strike 3 owns adult motion pictures that are protected by copyright. It identified infringing transactions concerning its copyrighted works emanating from IP address 68.112.153.102. On October 25, 2023, Strike 3 filed suit against the IP address subscriber as an unknown "John Doe" defendant. (ECF No. 1.) On December 6, 2023, the Court granted Strike 3's motion for leave to serve a subpoena on the Internet Service Provider ("ISP"), Comcast Cable, to discover the identity of the subscriber assigned to the IP address. (ECF No. 12.) Strike 3 has since determined that Defendant is the party using IP address 68.112.153.102 but Defendant has not yet been served and

is not a party to this litigation. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

Based on the nature of the allegations, Strike 3 asserts that although it is aware of Defendant's identity, it is sensitive to the fact that Defendant may later request: (1) sealing any court documents that identify him or her; and (2) litigating under a pseudonym in this matter. Strike 3 acknowledges this relief would be rendered moot if Strike 3 filed its Amended Complaint or other case-initiating documents in unredacted form on the public docket before Defendant is served and has an opportunity seek relief. (ECF No. 26 at 2.) Strike 3 takes no position on whether such relief should be granted, but advocates for a balanced approach, permitting provisional relief so that Defendant may be heard regarding any asserted privacy interest before the Court decides whether permanent sealing or the use of pseudonyms is appropriate. (*Id*. at 3-5.) The Court agrees.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires courts to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. Further, "[t]hough neither the Supreme Court nor the Eighth Circuit have directly addressed pseudonymous litigation, both courts have allowed parties to use pseudonyms." *Doe v. Innovate Fin., Inc*, Civ. No. 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022). For example, use of a pseudonym may be appropriate

when prosecution of the suit would compel disclosing information of the utmost intimacy, or the litigation involves matters that are highly sensitive and of a personal matter. *Id.*[1]

Noting the sensitive nature of this matter, the Court finds good cause to seal the Amended Complaint and related documents temporarily and permit the use of a pseudonym pending Defendant's appearance and an opportunity for Defendant to be heard on the question of anonymity. Until Defendant appears and can assert his or her privacy interests, Defendant's right to maintain confidentiality outweighs any public interest in access to this information. *IDT Corp.*, 709 F.3d at 1123.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff Strike 3 Holdings, LLC's Motion to Maintain Documents Under Seal on Temporary Basis and Maintain Pseudonym Identifier in Case Caption on Temporary Basis (ECF No. [25]) is **GRANTED** as follows:

1. The Amended Complaint (ECF No. [20]) and Proposed Summons (ECF No. [21]) and any future Proof of Service or Waiver of Service shall be filed under seal and remain under seal until further Order from the Court; and

2. The Clerk of Court shall maintain the caption for this matter with a John Doe pseudonym until further Order from the Court.

Dated: June 5, 2024        *s/ Dulce J. Foster*
                           DULCE J. FOSTER
                           United States Magistrate Judge

---

[1] A real possibility exists that the individual who allegedly violated Strike 3's copyright interest will turn out to be a juvenile user of the IP address whose identity should not be compromised.